(No. 6757—Motion

JANET C. MC GILL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Order filed June 10, 1974.*

PRICE, CUSHMAN, KECK and MAHIN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

BURKS, J.

## *ORDER*
## *GRANTING RESPONDENT'S MOTION TO DISMISS*

This matter is now before the court for a ruling on

respondent's motion to dismiss [filed April 25, 1974]. Claimant's objections to said motion [filed on May 9] and respondent's reply [filed May 20] in support of its motion are also before us. The pertinent information in this record, on which our ruling must be based, is restated by the court as follows:

1. This claim was filed on June 9, 1972, asking damages for personal injuries sustained by the claimant on June 12, 1970, as the result of an automobile accident in a construction zone in Highland Park.

2. Paragraph 7 of the complaint states that a lawsuit "based upon the same occurrence and injuries" was filed by the claimant on November 23, 1970, in the Circuit Court of Lake County, No. 70 L 650, against the City of Highland Park and others, including the gas, light, telephone, and construction companies, but not including the State of Illinois.

3. On October 24, 1973, pursuant to stipulation of the parties, the said Circuit Court action was dismissed with prejudice and the Order entered therein provided "that said dismissal shall be a bar to the bringing of an action based on or including the claim for which this action had been brought". [A copy of the said order was attached to respondent's motion, a copy of the stipulation to dismiss was attached to claimant's objections, but neither party has furnished this court with a copy of the release.]

4. Claimant did not deny respondent's contention that "Claimant executed a general release to all parties in return for payment of the sum of $4,000.00 in the Lake County Circuit Court action". However, Claimant disputes respondent's contention that the said release and dismissal would release or bar her separate action

pending in this court, since "the State of Illinois was neither made a party to the Circuit Court action nor named as a principal therein". Claimant avers, "It is well settled that where an action is compromised by the parties thereto and dismissed by mutual agreement, the dismissal does not bind or affect persons not made parties to the action."

5. Claimant takes the position that the "City of Highland Park was liable because of negligent acts or omissions committed by the City, its agents or employees", and that the State of Illinois is also liable because of the same negligent acts or omissions committed by the State, its agents or employees.

6. Claimant argues that she "cannot be held to an election of remedies insofar as either the City of Highland Park or the State of Illinois is concerned, because the Court of Claims Act and the Rules thereunder (1) required claimant to file separate actions against the City and the State and (2) required the instant cause in the Court of Claims to be continued generally until the final disposition of the Circuit Court action against the City".

7. Respondent argues that the theory of liability urged against the respondent is either (1) that the respondent was a joint tort-feasor with the parties sued in the Circuit Court, or (2) that the parties sued in the Circuit Court were respondent's agents. Both theories must necessarily fail, respondent states, because claimant's release of all parties in the Circuit Court bars her action against the State under one of the following rules of law:

(a) Release of one of several joint tort-feasors operates as a release of all; or

(b) Release of an agent extinguishes the principal's liability where the action is one predicated on respondeat superior.

The court takes notice of one unusual aspect in the pleadings which wa have considered in our ruling on respondent's motion. We find it significant that the same acts of negligence charged against the City [recited in ¶5 (a) (b) (c) (d) (e) and (f) of claimant's complaint in the Circuit Court] are restated in identical language as acts of negligence against the State [recited in ¶13 (a) (b) (c) (d) (e) and (f) of claimant's complaint in this court].

If, as claimant contends, the City and the State were guilty of identical acts of negligence, it seems obvious that the City and the State must be regarded as joint tort-feasors even though they are sued in separate courts pursuant to statutory requirements. The law is well established in this state, as respondent suggests, that the release of one tort-feasor releases all joint tort-feasors. *I. L. P. Releases §25.* We see no reasonable basis for an exception to this rule simply because the joint tort-feasors were sued in different forums.

Claimant has cited no authority in her suggestions to the court in opposition to the argument in respondent's motion nor in support of her contention that she "cannot be held to an election of remedies" referred to in ¶6 above. We believe that our conclusion is consistent with the rulings stated in *I.L.P. Election of Remedies ¶5,* and that respondent's motion should be granted for the reasons stated above.

It Is HEREBY ORDERED that respondent's motion to dismiss is hereby granted and this claim is hereby dismissed.