(No. 75-CC-0956- )

ROBERT BERNHARD and SHIRLEY BERNHARD, Claimants,
*v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 14, 1982.*
*Order filed April 20, 1983.*

CLINTON, TONGREN & GRIM (ROBERT S. GRIM, of counsel), for Claimants.

NEIL F. HARTIGAN, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ORDER

HOLDERMAN, J.

Claimants originally filed a suit in the circuit court of Will County against the Troy Township Board of Auditors, the County of Will, and Roy L. Cousins, Superintendent of Highways for Will County. After a verdict for $25,000 was entered in Claimants' favor, post-trial motions were filed, raising the possibility of a new trial. Claimants, for valuable consideration therein stated, executed a release of the Troy Township Board of Auditors and a covenant not to sue Will County, Roy L. Cousins, or any other Will County official.

Respondent contends that the release of one tortfeasor is the release of all. In support of its position, Respondent cites the case of *Jeanguenat v. State of Illinois* (1982), 76-CC-1987, in which this Court cites the cases of *Alberstett v. Country Mutual Insurance Co.* (1979), 79 Ill. App. 3d 407, and *McGill v. State of Illinois*, 29 Ill.

Ct. Cl. 450. In the latter case, it was held that "the law is well established in this State, as Respondent suggests, that the release of one tortfeasor releases all joint tortfeasors." The Court relied on Illinois Law & Practice Releases, Section 25. It was further held that the fact that the joint tortfeasors were sued in different forums did not change the operation of the above-stated rule of law.

It is hereby ordered that this claim be, and the same is, hereby dismissed with prejudice.

## ORDER

HOLDERMAN, J.

This matter coming before the Court on the joint stipulation of the parties to the entry of an award in the amount of thirteen thousand and no/100 ($13,000.00) dollars in favor of Claimants herein, representing full and final settlement of their complaint as earlier filed herein, the Court having jurisdiction of the subject matter hereof and the parties hereto, and being fully advised in the premises, doth find as follows:

1. That the nature of the claim herein is in tort; moreover, recovery is sought pursuant to section 8(d) of the Court of Claims Act. (Ill.Rev.Stat. 1979, ch. 37, par. 439.8(d)).

2. That Claimants are the joint owners of the following real property, namely:

Northeast Quarter of Section 29, Troy Township, 35 North Range 9 East of the Third Principal Meridian, in Will County, Illinois, 160 acres more or less.

3. That during the years 1959 and 1960, the Division of Highways of the Department of Public Works and Buildings of the State of Illinois (hereinafter referred to as the State of Illinois) constructed and/or caused to be constructed, or had constructed in its behalf, a massive and elevated solid earth highway embankment identified

as Federal Aid Interstate Route 80 Highway: Said highway was imposed through Sections 28 and 29 of Troy Township, Will County, Illinois, and more particularly through the southern portion of Claimants' above-described real property (a true and correct photocopy of an aerial photograph of Claimants' property is attached hereto, marked Exhibit A, and made a part hereof: the photograph shows the boundaries of Claimants' property and the position of the subject highway as imposed thereon).

4. That the natural drainage of surface and subsurface water of approximately 749 acres followed a course from north to south and thence, southeast over and upon the southeasterly quarter of Claimants' aforementioned property (a true and correct photocopy of a topographical map prepared by George Reiter and Associates is attached hereto, marked Exhibit B, and made a part hereof. This said map illustrates the topography of Claimants' real property and especially the flow of surface and subsurface water from approximately 749 acres in the southeast portion thereof).

5. That in furtherance of said natural north to south drainage of a substantial area of acreage lying westerly of the Claimants' aforementioned property, there is a natural drainage ditch passing through said premises and extending from north to south through the east-west line of said highway embankment.

6. That during the years 1959 and 1960, the State of Illinois constructed, caused to be constructed and/or had constructed on its behalf a conduit extending through the solid and elevated highway embankment having been designed for the purpose of facilitating the drainage of the surface flow of water through the said highway embankment.

7. That the conduit mentioned in the immediately

preceding paragraph as initially installed had an approximate 36" diameter and was wholly inadequate for its intended purpose.

8. That prior to the construction of the subject embankment, Claimants' property was properly drained and the natural and normal flow of surface and subsurface water followed certain patterns and directions as hereinbefore described without obstruction or impasse.

9. That as a result of the construction of the subject embankment and the installation of the subject 36"-diameter conduit, the natural flow of surface and subsurface water in and about the southeasterly quarter of Claimants' property was unnaturally obstructed, dammed, levied and/or otherwise destroyed and impeded, and water flow was thereby unnaturally prevented from following its path from north to south across Claimants' property.

10. That as a result of the premises as set forth in the immediately preceding paragraph, storm water runoff would frequently pond, thereby depriving Claimants of the use, benefit and value of many and substantial acres of their previously tillable farmland: Claimants were caused to suffer immediate and continuing damage on each and every occasion of heavy rainfall.

11. That as a further result of the premises set forth in paragraph No. 10, hereinabove, Claimants suffered a substantial diminution in the market value of their property.

12. That no other claim has been previously presented to any State department or officer thereof.

13. That the Claimants herein are owners of the claim or interest filed herein and obtain their interest in said claim as owners of said property at all times pertinent hereto.

14. That no assignment or transfer of the claims or any part thereof, or interest, has been made.

Therefore, it is hereby ordered that the Claimants be and the same are hereby awarded the sum of thirteen thousand and no/100 ($13,000.00) dollars in full and final settlement and satisfaction of their Claim.